**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY A. MENCHU, | No. 14-35614 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-02075-ST |
| v. | |
| LEGACY HEALTH; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Jerry A. Menchu appeals pro se from the district court's summary judgment

in his action alleging federal and state law racial discrimination claims arising out

of defendants' decision to ban him from their premises.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Guatay Christian Fellowship v.*

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011).  We affirm.

The district court properly granted summary judgment on Menchu's racial discrimination claims because Menchu failed to raise a genuine dispute of material fact as to whether defendants' decision to ban him from their premises was based on Menchu's race.  *See* 42 U.S.C. § 2000a (Title II of the 1964 Civil Rights Act ("the Act") prohibits discrimination in places of public accommodation "on the ground of race, color, religion, or national origin"); § 2000d (Title VI of the Act prohibits discrimination in connection with any federally-funded program or activity based on "race, color, religion, sex, or national origin"); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1123 (9th Cir. 2008) ("§ 1981 creates a cause of action only for those discriminated against on account of their race or ethnicity."); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536-38 (9th Cir. 1992) (racial or other select class-based animus is an element of a § 1985(3) conspiracy claim); *King v. Greyhound Lines*, 656 P.2d 349, 351 (Or. Ct. App. 1982) (Oregon Revised Statute 659A.403 (formerly section 30.670) "proscribes serving customers of one race in a manner different from those of another race.").

The district court properly granted summary judgment on Menchu's state law claim for intentional infliction of emotional distress ("IIED") because Menchu failed to raise a genuine dispute of material fact as to whether defendants intended

to inflict severe emotional distress on Menchu or that defendants' conduct was extreme or outrageous under the circumstances. *See McGanty v. Staudenraus*, 901 P.2d 841, 849 (Or. 1995) (setting forth elements of an IIED claim under Oregon law).

The district court properly granted summary judgment on Menchu's state law claim for negligent infliction of emotional distress ("NIED") because Menchu failed to raise a genuine dispute of material fact as to whether his relationship with defendants gave rise to a distinct, legally protected interest. *See Stevens v. First Interstate Bank of Cal.*, 999 P.2d 551, 554 (Or. Ct. App. 2000) (to recover for NIED under Oregon law, a plaintiff must demonstrate a relationship with defendants that gives rise to "some distinct legally protected interest beyond liability grounded in the general obligation to take reasonable care not to cause a risk of foreseeable harm (citation and internal quotation marks omitted)).

**AFFIRMED.**